

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2007

# USA v. Rivera

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Rivera" (2007). *2007 Decisions*. Paper 360.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/360

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3372

UNITED STATES OF AMERICA

v.

JAIME RIVERA,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 91-cr-00394-1)
District Judge:  Honorable Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2007

Before:  SCIRICA, Chief Judge, RENDELL and FUENTES,  Circuit Judges.

(Filed September 28, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Before the Court is an appeal from an order by the District Court denying a motion

for a reduction of sentence.  We will affirm the order.  As we write for the benefit of the

parties alone, we include only those facts necessary for the disposition of this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Rivera began serving a 292

month sentence in 1992 after being convicted by a jury of various drug charges. Two of the counts of conviction stated that Rivera had distributed cocaine within 1,000 feet of a middle school in Allentown, Pennsylvania. As provided by U.S.S.G. § 2D1.2, Rivera's sentence was enhanced two levels due to the proximity to those schools.

Rivera's claim is brought under 18 U.S.C. § 3582(c)(2), which allows for the ex post reduction of a sentence if it was based on a sentence range that is later lowered by the Sentencing Commission. Rivera argues that Amendment 591 to the Sentencing Guidelines—which clarifies that the school-proximity enhancement (U.S.S.G. § 2D1.2) should not be imposed based on uncharged relevant conduct, but only based on the crime of conviction—would lower his applicable sentence range.

Here, the proximity to the two schools was clearly charged in two of the counts. As the District Court found, it is "undisputed that Rivera was convicted of selling drugs in a school zone." The motion was properly denied and we will affirm the order of the District Court.